UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KELLY RAY DAVIDSON, JR.,          )
                                  )
         Plaintiff,               )
                                  )
     v.                           )          No. 1:24-cv-00197-AGF
                                  )
JACOB GARCIA, et al.,             )
                                  )
         Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Kelly Ray Davidson, Jr.'s application to proceed in the district court without prepaying fees or costs. Having reviewed the application, the Court finds Plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $28.80. Furthermore, based upon an initial review of the complaint, the Court will issue process as to Defendants Jacob Garcia and Dakota Loggains. The Court will dismiss without prejudice Plaintiff's claims against Defendants Mark Dobbs and Butler County, Missouri.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the

prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement from the Butler County Jail for the time period January 31, 2024 through August 22, 2024. Based on the financial information from the last six months of this statement, the Court finds Plaintiff has an average monthly deposit of $144.00. The Court will grant Plaintiff's application and assess an initial partial filing fee of $28.80, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting his Fourth and Fourteenth Amendment rights were violated when officers from the Butler County Sheriff's Department conducted a warrantless search of his yard and vehicles. The search led to officers finding purportedly stolen property and charging Plaintiff with six counts of felony stealing and two counts of second degree felony burglary. *See State v. Davidson*, Case No. 24BT-CR000009-01 (Butler Cnty Cir. Ct.). Plaintiff's criminal case is pending in Missouri state court and is set for a plea or trial on January 21, 2025.

Plaintiff filed a motion to suppress evidence in his underlying criminal case, which the Missouri state court heard on October 3, 2024 and took under advisement. The motion is unavailable through Missouri Case.net, but presumably Plaintiff moved to suppress the evidence found during the alleged unlawful search.

## The Complaint

Plaintiff has filed this 42 U.S.C. § 1983 action arising out of the warrantless search that led to his criminal charges. He names as defendants Butler County, Missouri, and the following

employees of the Butler County Sheriff's Department: Mark Dobbs (Sheriff); Jacob Garcia (Detective); and Dakota Loggains (Detective). He sues Defendants Dobbs, Garcia, and Loggains in their individual capacities only.

Plaintiff states that on December 12, 2023, Defendants Garcia and Loggains came to his residence at 201 160 E32 Naylor, Missouri without a warrant. They entered his back yard and seized him and several items of purportedly stolen property. The officers ran a VIN check on the vehicles in Plaintiff's yard and also searched through them. Plaintiff states this was done "without warrant, consent, or probable cause plus exigent circumstances" in violation of his constitutional rights. ECF No. 4 at 5.

As to his allegations against Defendant Mark Dobbs, the Sheriff of Butler County, Plaintiff states Dobbs is vicariously liable for the actions of officers Garcia and Loggains. As to Defendant Butler County, Plaintiff alleges Butler County is liable because it "owns and operates a Sheriff's Department and Jail." ECF No. 4 at 5. For relief he seeks damages in excess of $150,000.00 plus attorneys' fees, punitive damages, and pre- and post-judgment interest.

### Discussion

*(1)      Defendants Jacob Garcia and Dakota Loggains*

Plaintiff seeks damages under 42 U.S.C. § 1983 for Defendants Garcia and Loggains's allegedly unlawful search and seizure, which led to Plaintiff's pending criminal charges for burglary and stealing.[1] The Fourth Amendment guarantees the right to be free from "unreasonable

---

[1] In *Volner v. Mabe*, the Eighth Circuit addressed whether a § 1983 claim arising out of an allegedly unlawful search and seizure was barred by the Supreme Court's doctrine set out in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Volner v. Mabe*, No. 24-1007, 2024 WL 1696805 (8th Cir. Apr. 19, 2024) (per curiam). The Court concluded that this type of claim was not barred by *Heck*

searches and seizures." U.S. Const. amend. IV. "A plaintiff seeking damages under § 1983 for an unreasonable search must allege (1) an unlawful search and (2) an actual, compensable injury, because the abstract value of a constitutional right may not form the basis for § 1983 damages." *Waters v. Madson*, 921 F.3d 725, 740 (8th Cir. 2019) (internal citations omitted).

Plaintiff alleges Garcia and Loggains entered his private property without a warrant or consent and illegally searched his vehicles. He alleges there were no exigent circumstances that would have allowed the officers an exception to the warrant requirement. Viewing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff has stated a plausible claim against Defendants Garcia and Loggains for unlawful search and seizure in violation of the Fourth Amendment. The Court will order the Clerk of Court to issue process as to these Defendants in their individual capacities.

### (2)    *Defendant Sheriff Mark Dobbs*

Plaintiff does not allege Defendant Sheriff Mark Dobbs personally violated his constitutional rights. Rather, he states "Mark Dobbs is vicariously liable for the actions and/or inactions of Sheriff's Deputies and/or Sheriff's Department employees." ECF No. 4 at 5. However, government officials may not be held liable for unconstitutional conduct under a theory of respondeat superior. *See Rogers v. King*, 885 F.3d 1118, 1122 (8th Cir. 2018). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional

---

"because success on the claim would not necessarily imply the invalidity of [plaintiff's] state conviction." *Id.* In light of the Eighth Circuit's opinion in *Volner*, the Court concludes that Plaintiff's § 1983 claim arising out of the allegedly unlawful search is not barred by *Heck*.

violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). Because Plaintiff has not alleged Defendant Dobbs directly participated in the alleged constitutional violation, the Court will dismiss Plaintiff's claims against him.

(3)    *Defendant Butler County, Missouri*

Plaintiff's only allegation against Butler County, Missouri is that "[i]t owns and operates a Sheriff's Department and Jail." ECF No. 4 at 5. Although a local governing body can be sued directly under 42 U.S.C. § 1983, to prevail on this type of claim the plaintiff must establish the governmental entity's liability for the alleged conduct. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise," which Plaintiff has not alleged. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Finally, a local government cannot be held liable merely because it employs a tortfeasor. *See Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996). Because no facts in the complaint demonstrate any policy, custom, or failure to train caused the alleged constitutional violation, the Court will dismiss Plaintiff's claims against Butler County, Missouri.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $28.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that that the Clerk of Court shall issue process or cause process to issue upon the complaint (including it supplement at ECF No. 4) as to Defendants Jacob Garcia and Dakota Loggains in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Mark Dobbs and Butler County, Missouri are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 9th day of December, 2024.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE