UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KELLY RAY DAVIDSON, JR.,       )
        )
       Plaintiff,       )
        )
v.        )   No. 1:24-cv-00197-CMS
        )
JACOB GARCIA       )
et al.,       )
        )
       Defendants.       )

## OPINION, MEMORANDUM, AND ORDER

This matter is before the Court on the Motion for Summary Judgment of Defendants Jacob Garcia and Dakota Loggains. (Doc. 25). For the reasons stated herein, the Court **GRANTS IN PART** Defendants' Motion for Summary Judgment.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Kelly Ray Davidson, Jr., brings a *pro se* complaint alleging violations of the Fourth and Fourteenth Amendments, pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. He names Jacob Garcia, Dakota Loggains, Mark Dobbs, and Butler County, Missouri, as defendants. (Doc. 1 at 2-4). He sues all individual Defendants in their individual capacities. On December 11, 2024, Senior United States District Judge Audrey G. Fleissig dismissed Defendants Dobbs and Butler County from this case without prejudice, leaving only Defendants Garcia and Loggains. (Doc. 6).

1

**The Allegations in Plaintiff's Complaint**

Plaintiff alleges that, on or about December 12, 2023, Officers Jacob Garcia and Dakota Loggains of the Butler County Sheriff's Office entered a "constitutionally protected area and searched for stolen property and seized stolen property without a warrant or any valid exception to the warrant requirement." (Doc. 1 at 8). These officers searched property by "running VINS off of vehicles and searching through vehicles[.]" (Doc. 1 at 9). The officers also seized said "vehicles." (Doc. 1 at 9). In addition, the officers "unlawfully seized" Davidson in his backyard, "acting alone outside of their territorial jurisdiction" without a warrant. (Doc. 1 at 8).

**Defendants' Motion for Summary Judgment**

After discovery was completed, Defendants moved for summary judgment. (Doc. 70). Defendants asserted: (1) they conducted a constitutional search of Davidson's camper because the Camper was in plain view from the roadway; and (2) Davidson's arrest was not unconstitutional because Davidson was arrested for outstanding felony warrants. (Doc. 27). Along with their Motion and Memorandum in Support, Defendants filed a Statement of Material Facts. (Doc. 26).

Davidson did not respond to Defendants' Motion, Memorandum, or Statement of Material Facts. Material facts not properly contested are accepted as true for purposes of summary judgment. *See Jones v. United Parcel Services, Inc.*, 461 F.3d

2

982, 991 (8th Cir. 2006) (finding district court "properly deemed defendants' statements admitted" when "plaintiffs failed to provide a pleading in accordance with the rules that controverted any of the movants' facts")

**The Uncontroverted Material Facts**

The uncontroverted facts are that, on December 12, 2023, Butler County Sheriff's Department Investigators Loggains and Garcia investigated a report of a stolen camper in Ripley County. (Doc. 26 at 1-2). Upon arriving at the property, Officer Loggains observed a white Mallard camper behind a garage in plain view from the roadway. (Doc. 26 at 2). The officers observed a white male behind the garage when they pulled into the property's driveway. (Doc. 26 at 2).

Officer Garcia informed the man that Officers Garcia and Loggains were with the Butler County Sheriff's Department. (Doc. 26 at 2). The man identified himself as "Clayton Davidson." (Doc. 26 at 2). Officer Garcia asked Davidson if he went by the name of "Kelly." (Doc. 26 at 2). Davidson claimed that Kelly was his brother. (Doc. 26 at 2). The officers told Davidson they were investigating a reported stolen camper from Butler County, and that the camper in Davidson's backyard matched the stolen camper's description. (Doc. 26 at 2). Davidson responded that the property belonged to his girlfriend and that he stayed there from time to time. (Doc. 26 at 2).

Because the camper on the property met the description of the stolen camper, Officer Loggains checked the VIN on the camper. (Doc. 26 at 2). The VIN on the camper matched the VIN of the stolen camper. (Doc. 26 at 2-3).

Officer Loggains was also suspicious that Davidson was lying about his identity, so he contacted the Missouri State Highway Patrol to run a FAST/ID scan. (Doc. 26 at 3). Trooper Emily Westmoreland responded to the property and confirmed that Davidson was lying about his identity, he was really Kelly Davidson and not Clayton Davidson, and he had felony arrest warrants out of Butler County. (Doc. 26 at 3). Trooper Westmoreland arrested Davidson, and he was transported to the Butler County Justice Center on his outstanding felony warrants. (Doc. 26 at 3). After Davidson's arrest, Ripley County Deputy Rich Medley responded to the property and signed over a property sheet for Butler County to take possession of the Mallard camper. (Doc. 26 at 3-4).

## ANALYSIS

### Summary Judgment Standard

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A party moving for summary judgment bears

4

the burden of demonstrating that no genuine issue exists as to any material fact. *Id.* at 323. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000)).

When the moving party meets this burden, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Liberty Lobby, Inc.*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The "party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256 (quoting Fed. R. Civ. P. 56(e)).

In addition to the requirements of Rule 56, this Court's Local Rule 4.01(E) addresses a non-moving party's duties in opposing a moving party's Statement of Material Facts:

> Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be

separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts. All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

Plaintiff Davidsons's failure to respond to Defendants' Statement of Material Facts means that all of Defendants' uncontroverted material facts supported by the record are deemed admitted. *See United Parcel Services, Inc.*, 461 F.3d at 991. This Court has independently verified that all of Defendants' factual assertions are supported by the attached exhibits and the record.

**Plaintiff's Claims**

"The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *L.L. Nelson Enters., Inc. v. Cnty. of St. Louis*, 673 F.3d 799, 805 (8th Cir. 2012) (citation omitted). Davidson's complaint raises three separate Fourth Amendment violations alleging the officers: (1) entered a "constitutionally protected area and searched for stolen property" in the form of vehicles; (2) seized those vehicles without a warrant or an exception to the warrant requirement; and (3) "unlawfully seized" Davidson in his

6

backyard, "acting alone outside of their territorial jurisdiction" without a warrant. (Doc. 1 at 8).  Each claim will be addressed in turn.

**The Officers Did Not Conduct an Unlawful Search of Defendant's Vehicles.**

Defendants do not dispute that the purported search[1] of Davidson's vehicles took place in a constitutionally protected area: Davidson's backyard. Because Defendants themselves treat Davidson's backyard as the curtilage to his home, the Court assumes that Davidson's backyard is entitled to the Fourth Amendment protections afforded curtilage.

"When police officers choose to enter a home, the Fourth Amendment requires that they first obtain consent or a warrant, or, in exigent circumstances, have probable cause." *United States v. Wells*, 648 F.3d 671, 679 (8th Cir. 2011) (citations omitted). "Because we treat curtilage as part of the home, those same rules apply here." *Id.* (citing *Oliver v. United States*, 466 U.S. 170, 180 (1984)).

Even so, the Fourth Amendment does not "prevent all investigations on private property." *United States v. Bennett*, 972 F.3d 966, 970 (8th Cir. 2020) (citing *Florida v. Jardines*, 569 U.S. 1, 6 (2013)). Whether a particular search violates the Fourth Amendment "requires examination of whether the person claiming the

---

[1] Defendants argue the initial viewing of the camper was constitutionally permissible because the camper was visible from the road. But Davidson's complaint focuses on the search of the camper that the officers performed on Davidson's property.

constitutional violation had a legitimate expectation of privacy in the premises searched." *Id.* (quoting *Byrd v. United States*, 584 U.S. 395, 403 (2018)) (quotation omitted).

Defendants argue they were allowed to enter Davidson's property as part of a typical "knock-and-talk." "Where a legitimate law enforcement objective exists, a warrantless entry into the curtilage is not unreasonable under the Fourth Amendment, provided that the intrusion upon one's privacy is limited." *United States v. Bearden*, 780 F.3d 887, 893 (8th Cir. 2015) (quoting *United States v. Weston*, 443 F.3d 661, 667 (8th Cir. 2006)). "[A] police officer not armed with a warrant may approach a home and knock, precisely because that is no more than any private citizen might do." *Bennett*, 972 F.3d at 971 (quoting *Jardines*, 569 U.S. at 8). So "no Fourth Amendment search occurs when police officers who enter private property restrict their movements to those areas generally made accessible to visitors—such as driveways, walkways, or similar passageways." *Id.* (quoting *Wells*, 648 F.3d at 679).

*United States v. Raines*, 243 F.3d 419 (8th Cir. 2001), is instructive here. In *Raines*, a law enforcement officer approached the front door of Raines' house to serve civil process on an acquittance of Raines. *Id.* at 420. After receiving no response at the front door, the officer noticed several cars parked outside of the home. *Id.* The officer "proceeded to the back of the home believing the inhabitants

8

might be outside on a summer evening unable to hear him knocking at the front door." *Id.* After walking through a ten-foot opening in a makeshift fence, the officer observed a large amount of marijuana growing in Raines' backyard. *Id.* In those circumstances, the Eighth Circuit held that the officer "did not violate Raines's Fourth Amendment rights by entering the curtilage of his home" as the officer "did not interfere with Raines's privacy interest when he, in good faith, went unimpeded to the back of Raines's home to contact the occupants of the residence." *Id.* at 421.

For similar reasons, Officers Loggains and Garcia did not violate the Fourth Amendment in approaching Davidson in his backyard. Unlike a typical "knock and talk," the officers did not attempt to knock on Davidson's door. But officers are "not required to make a pointless trip to the front door" when they see a person in the backyard. *See Bennett*, 972 F.3d at 973. Officers Loggains and Garcia were permitted to approach Davidson in his backyard to speak with him.

Once lawfully in Davidson's backyard, the officers were not required to "shield their eyes" from the contents of the backyard. *California v. Ciraolo*, 476 U.S. 207, 213 (1986). "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). "If an article is already in plain view, neither its observation nor its seizure would involve any invasion of privacy." *Horton v.*

9

*California*, 496 U.S. 128, 133 (1990) (citing *Arizona v. Hicks*, 480 U.S. 321, 325 (1987)).

Here, Davidson placed the camper in plain view in his backyard. (Doc. 26, p. 2). And as there is no evidence in the record that the officers maneuvered the camper in any way to locate the camper's VIN, the officers' reading of the camper's VIN did not violate Davidson's Fourth Amendment rights. *See Hicks*, 480 U.S. at 324-25. Defendants are entitled to summary judgment to the extent Davidson alleges a Fourth Amendment violation from the search of the camper.

**Davidson's Arrest Did Not Violate the Fourth Amendment.**

Davidson also alleges that his arrest constituted an unlawful seizure because Officers Loggains and Garcia were "acting alone outside of their territorial jurisdiction." (Doc. 1 at 8). The summary judgment record refutes this claim. Missouri State Highway Patrol Trooper Westmoreland arrested Davidson for his outstanding felony warrants. (Doc. 26 at 3).

Moreover, Davidson's arrest by officers "acting outside of their jurisdiction" would not necessarily violate the Fourth Amendment. "[S]tate restrictions do not alter the Fourth Amendment's protections." *Virginia v. Moore*, 553 U.S. 164, 176 (2008). As such, the Eighth Circuit has rejected the argument that an arrest violates the Fourth Amendment when the arresting officer "lacks the authority" to effectuate the arrest under state law. *Rose v. City of Mulberry, Arkansas*, 533 F.3d 678, 680

10

(8th Cir. 2008). *See also State v. Barton*, 669 S.W.3d 661 (Mo. banc 2023). Defendants are entitled to summary judgment on Davidson's claim that his arrest violated the Fourth Amendment.

**Defendants Are Not Entitled to Summary Judgment on Davidson's Claim that the Seizure of His Vehicles Violated the Fourth Amendment.**

Finally, Defendants briefly argue that the seizure of Davidson's camper was a constitutionally permissible plain-view seizure. "Under the plain-view doctrine, police are permitted 'to seize evidence without a warrant when (1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself.' " *United States v. Alexander*, 574 F.3d 484, 490 (8th Cir.2009) (quoting *United States v. Weinbender*, 109 F.3d 1327, 1330 (8th Cir.1997)).

Defendants' Motion for Summary Judgment does not establish that the officers had a lawful right of access the camper or any other vehicle at the time of the seizure. Defendants argue in their Memorandum, "Loggains and Garcia, during their investigation, openly observed the camper in the back yard of [Davidson] in plain view. As a result[,] there is no violation of any unlawful search or seizure." (Doc. 27 at 3).

Whether or not the seized vehicles were in plain view, Defendants fail to argue they had a "lawful right of access" to the vehicles. In a § 1983 case for violation of

11

the Fourth Amendment, the plaintiff bears the burden of proof. *Der v. Connolly*, 666 F.3d 1120, 1128 (8th Cir. 2012). But "where a presumption of unreasonableness arises from a warrantless search or entry, that presumption 'imposes on the defendant the burden of going forward with evidence to meet or rebut the presumption.'" *Ilsemann v. St. Charles County, Missouri*, 730 F.Supp.3d 904, 914 (E.D. Mo. 2024) (quoting *Der*, 666 at 1128) (citation modified).

At times, Defendants seem to hint that the seizure of the camper was lawful because the officers were lawfully on Davidson's property to arrest him at the time of the seizure. (Doc. 26 at 3-4) ("After the arrests were made, Ripley County Deputy Rich Medley responded to [Davidson's address] and signed over a property sheet for Butler County to take possession of the Mallard Camper."). But Defendants do not expressly make that argument (or argue that another exception to the warrant requirement applies), and the Court declines to make that argument for Defendants. *See Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in the judgment) ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." ).

Because Defendants omit to argue, let alone establish on summary judgment, that they had a "lawful right of access" to the camper or any other vehicle at the time of its seizure, Defendants are not entitled to summary judgment as to the seizure of

12

the vehicles. If Defendants' position is that they had a lawful right of access to the vehicles at the time of their seizure, they bear the burden of presenting that argument and evidence to the Court at this summary judgment stage.

## CONCLUSION

Defendants' Motion for Summary Judgment (Doc. 25) is **GRANTED IN PART.** Defendants are entitled to summary judgment on Davidson's Fourth Amendment claims of an illegal search and his illegal arrest. On this record, they are not entitled to summary judgment on Davidson's Fourth Amendment claim of the illegal seizure of his vehicles.

Dated this 21st day of April 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE