UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KELLY RAY DAVIDSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-00197-CMS |
| | ) | |
| JACOB GARCIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Officers Jacob Garcia and Dakota Loggains' Motion to Reconsider Defendants' Motion for Summary Judgment. (Doc. 33). The time for Plaintiff to respond has elapsed, and the Court will consider Defendants' Motion. *See* E.D. Mo. L.R. 4.01(B). For the reasons stated herein, the Court grants summary judgment in favor of Defendants on all claims.

**BACKGROUND**

**I. Factual Background**

The uncontroverted facts are that, on December 12, 2023, Defendants investigated a report of a stolen camper in Ripley County, Missouri, and received information indicating the camper may be at a specific property. (Doc. 26 ¶ 4). Upon arriving at the property, Defendant Loggains observed a white Mallard camper behind a garage in plain view from the roadway. *Id.* ¶ 5. Defendants observed a white male behind the garage when they pulled into the driveway. *Id.* ¶ 6. Defendant Garcia informed the man that he and Defendant Loggains were with the Butler County Sheriff's Department. *Id.* ¶ 7. The man identified himself as "Clayton Davidson." *Id.* Defendant Garcia asked the man if he went by the name "Kelly," and the man replied that Kelly was his

brother. *Id.* Defendants told the man they were investigating a report of a stolen camper and that the camper in the backyard matched the stolen camper's description. *Id.* ¶ 8. The man responded that the property belonged to his girlfriend and he stayed there only occasionally. *Id.* ¶ 9.

Because the camper on the property matched the description of the stolen camper, Defendant Loggains checked the VIN and discovered it matched the VIN of the stolen camper. *Id.* ¶ 10. Defendant Loggains was also suspicious that the man was lying about his identity, so he contacted the Missouri State Highway Patrol. *Id.* ¶ 11. Trooper Emily Westmoreland responded to the property and confirmed that the man was lying about his identity. He was actually Plaintiff Kelly Davidson, and he had outstanding felony warrants for his arrest. *Id.* ¶ 12. Trooper Westmoreland arrested Plaintiff and transported him to the Butler County Justice Center on his outstanding felony warrants. *Id.* ¶ 14. After Plaintiff's arrest, Ripley County Deputy Rich Medley responded to the property and signed a property sheet for Butler County to take possession of the camper. *Id.* ¶ 16.

## II. Procedural Background

On October 21, 2024, Plaintiff brought a *pro se* complaint against Jacob Garcia, Dakota Loggains, Butler County Sheriff Mark Dobbs, and Butler County, alleging Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. (Doc 1). Plaintiff alleged three constitutional violations: Defendants (1) entered a "constitutionally protected area and searched for stolen property" in the form of vehicles; (2) seized those vehicles without a warrant or an exception to the warrant requirement; and (3) "unlawfully seized" Plaintiff in the backyard, "acting alone outside of their territorial jurisdiction" without a warrant. (Doc. 1 at 8). On December

11, 2024, Defendants Dobbs and Butler County, Missouri, were dismissed without prejudice, leaving only Defendants Garcia and Loggains. (Doc. 6).

Upon completing discovery, Defendants Garcia and Loggains moved for summary judgment (Doc. 25), asserting: (1) they conducted a constitutional search of the camper because it was in plain view from the roadway and (2) Plaintiff's arrest was not unconstitutional because he was arrested on outstanding felony warrants. (Doc. 27). In addition to their Motion, Defendants filed a Statement of Material Facts with attached exhibits. (Doc. 26). Plaintiff failed to respond to Defendants' pleadings.

On April 21, 2026, this Court issued an Opinion, Memorandum, and Order granting in part and denying in part Defendants' Motion for Summary Judgment, concluding: (1) Defendants did not conduct an unlawful search of Plaintiff's vehicles, (2) Plaintiff's arrest did not violate the Fourth Amendment, and (3) based on the pleadings before the Court, Defendants were not entitled to summary judgment on Plaintiff's claim regarding the seizure of the vehicles. (Doc. 29). The Court noted that, if "Defendants' position is that they had a lawful right of access to the vehicles at the time of their seizure, they bear the burden of presenting that argument and evidence to the Court at this summary judgment stage." (Doc. 29).

The Court subsequently entered an Order Setting Trial Date, which also set a deadline of August 10, 2026, for summary judgment. *See* FED. R. CIV. P. 56(b), (e), (f). (Doc. 32). Defendants timely filed their Motion for Reconsideration and a Memorandum in Support of the Motion for Reconsideration, asking the Court to grant summary judgment as to the seizure of the camper/vehicle. (Docs. 33, 34). Again, Plaintiff has not responded. *See Jones v. United Parcel Services, Inc.*, 461 F.3d 982, 991 (8th Cir. 2006) (concluding, on summary judgment, that district

court "properly deemed defendants' statements admitted" when "plaintiffs failed to provide a pleading in accordance with the rules that controverted any of the movants' facts").

## LEGAL STANDARDS

### I. Motion for Reconsideration

A motion for reconsideration of a non-final order is construed as a "motion[] under Rule 60(b) of the Federal Rules of Civil Procedure." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018). Rule 60(b) permits a court to "relieve a party . . . from a[n] . . . order [for any] . . . reason that justifies relief." FED. R. CIV. P. 60(b)(6). "In federal court, the denial of summary judgment is an interlocutory order that may be reconsidered at any time." *Myers v. Moore Eng'g, Inc.*, 42 F.3d 452, 455 (8th Cir. 1994) (internal citations omitted).

### II. Motion for Summary Judgment

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)). A party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. *Id.* at 323. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion

at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000)).

When the moving party meets this burden, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Liberty Lobby, Inc.*, 477 U.S. at 250 (quoting FED. R. CIV. P. 56(e)). The "party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256 (quoting FED. R. CIV. P. 56(e)).

Plaintiff's failure to respond to Defendants' Statement of Material Facts means that all of Defendants' uncontroverted material facts supported by the record are deemed admitted. *See United Parcel Services, Inc.*, 461 F.3d at 991.

**III. Fourth Amendment Seizure**

In a § 1983 case for violation of the Fourth Amendment, the plaintiff bears the burden of proof. *Der v. Connolly*, 666 F.3d 1120, 1128 (8th Cir. 2012). But "where a presumption of unreasonableness arises from a warrantless search or entry, that presumption 'imposes on the defendant the burden of going forward with evidence to meet or rebut the presumption.'" *Ilsemann v. St. Charles Cnty.*, 730 F. Supp. 3d 904, 914 (E.D. Mo. 2024) (quoting *Der*, 666 F.3d at 1128). To successfully challenge a search or seizure, a plaintiff must demonstrate his legitimate expectation of privacy in the property searched or seized. *U.S. v. Douglas*, 744 F.3d 1065, 1069 (8th Cir. 2014). A legitimate expectation of privacy exists when "(1) [a plaintiff] himself assert[s] a subjective expectation of privacy . . . and (2) his subjective expectation is objectively reasonable." *Id.* (internal citations and quotations omitted).

## DISCUSSION

In their Memorandum in Support, which is unopposed by Plaintiff, Defendants argue there is no genuine issue of material fact as to their lawful right to access the camper. Defendants explain that Plaintiff "stated to the officers' [sic] that the property that he was standing on was . . . his girlfriend's . . . [and Plaintiff] did not express . . . that they could not go onto the property, or obtain the VIN from the vehicles." (Doc. 34 at 3).[1] Defendants continue that Plaintiff did not have "any possession or privacy interests in the property seized or the residence where he was standing." *Id.* When Defendants advised Plaintiff that they were investigating a stolen camper and that the camper in the yard matched its description, Plaintiff claimed the residence was his girlfriend's property, and he was just a visitor. *Id.* Thus, Defendants argue, Plaintiff did "not establish any legitimate expectation of privacy" in the property or any vehicle on the property because he failed to demonstrate either a subjective expectation of privacy or that any such expectation of privacy was objectively reasonable. *Id.*; *see Douglas*, 744 F.3d at 1069.

Defendants' Statement of Material Facts and attached exhibits, also unopposed by Plaintiff, support Defendants' assertions that they lawfully entered the property to seize the camper. Defendant Loggains observed the camper in plain view from the roadway. (Doc. 26 ¶ 5). When Defendants advised Plaintiff of their investigation, Plaintiff stated the residence was his girlfriend's and he stayed there "from time to time." *Id.* ¶ 9. Only then did Defendants check the VIN of the camper, confirm it was stolen, and ultimately seize the camper. *Id.* ¶¶ 10, 16. Therefore, there is no genuine issue of material fact as to the lawfulness of Defendants' entry

[1] The Court notes that, while Plaintiff asserts the unlawful seizure of "vehicles" from the property, nothing in the record identifies any vehicle other than the Mallard camper. Regardless, the following legal analysis would apply equally to Defendants' lawful entry on the property to seize any vehicle.

onto the property and seizure of the camper, and the Court will grant Defendants' Motion for Reconsideration, as well as Defendants' Motion for Summary Judgment in its entirety.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (Doc. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Doc. 25) is **GRANTED** in its entirety.

**IT IS FINALLY ORDERED** that judgment is entered in favor of Defendants Jacob Garcia and Dakota Loggains.

So ordered this 20th day of August 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE